Barber *v.* West Jersey Title and Guaranty Co.

ROBERT L. BARBER, appellant,

*v.*

THE WEST JERSEY TITLE AND GUARANTY COMPANY,
respondent.

1. Every person has the right of access to the public records of the county clerk's office, without the payment of fees to the clerk, to examine any title in which he is interested, subject to reasonable rules and regulations.

2. The respondent has the same right of access to the records when employed to examine and guarantee the title to a particular piece of property, but has not the right to occupy the office of the clerk for the purpose of making an abstract of the records in order to set up and establish a rival business to the clerk.

3. *Mandamus* is the proper remedy to enforce such right.

On appeal from an order of the court of chancery, advised by Vice-Chancellor Pitney, whose opinion is reported in *West Jersey Title and Guaranty Co.* v. *Barber, 4 Dick. Ch. Rep. 474.*

*Mr. David J. Pancoast,* for the appellant.

*Mr. Thomas E. French* and *Mr. Frederic W. Stevens,* for the respondent.

The opinion of the court was delivered by

VAN SYCKEL, J.

The respondent, complainant below, is a corporation of New Jersey organized for

"the examination, insurance and guaranty of the title to lands and estates, or interests in lands in the several counties of this state, and the issuing of certificates, policies, contracts and undertakings therefor, upon such terms and conditions, restrictions and limitations as may be determined by said company."

The defendant below, and appellant here, is the county clerk of the county of Camden.

Barber *v.* West Jersey Title and Guaranty Co.

The complainant in its bill claimed the right to have free access to the public records and files in the office of said county clerk daily during the ordinary business hours of each business day, for the purpose of inspecting and making abstracts therefrom and memoranda of the contents thereof, and prayed an injunction restraining the said clerk from interfering with the complainant in the exercise and enjoyment of such right. The decree of the chancellor was in favor of the complainant's claim, and an injunction was ordered accordingly.

The case of *Lum* v. *McCarty, 10 Vr. 287,* is relied upon to support this decree. In that case, Lum was employed to search a specified title, and this court held that he had a right of access to the records in the clerk's office, for that purpose, without the payment of fees to the clerk.

But that case is not authority for the contention that anyone may occupy the offices of the county clerk until he has made copies of all the records in the care of the clerk for the purpose of setting up a rival office, whereby he will be deprived of the emoluments of his office.

It is conceded that the corporation complainant is entitled to the same right of access to and examination of the public records of the county as an individual would be.

" When employed to examine the title to any particular piece of property such corporation is subrogated to the right of its employer to have such access, and the fact that it contemplates making a contract of guaranty of the title to the land in question does not detract from such right of access."

Our act respecting conveyances, after providing for the recording of deeds in books to be furnished for that purpose, adds, " to which books every person shall have access at proper seasons, and be entitled to transcripts from the same on paying the fees allowed by law."

*Lum* v. *McCarty,* supra, construed this provision to mean that fees were to be paid to the clerk only when he made researches himself, and did not preclude a person interested from making searches for himself. The law makes it the duty of the clerk to take care of the public records in his office, but gives

him no special fees for such service.  The only compensation to him are the fees he receives in the ordinary course of his business for searches.  To extend the right of search by others beyond this limit will deprive the clerk of the only remuneration he can have for the performance of this duty.  In the absence of clear expression, it should not be so enlarged by construction.

In other states, where the statutory provisions are less favorable to the public officer, the courts have denied the right of anyone to make at will an abstract of the official records.

The statute of Michigan provides that the register of deeds shall furnish proper and reasonable facilities for the inspection and examination of the records in his office and for making memorandums or transcripts therefrom during the usual business hours to all persons having occasion to make examination of them for any lawful purpose.

In *Webber* v. *Townley, 43 Mich. 537,* the application was to make an abstract of the titles to lands for the purpose of carrying on the business of furnishing such abstracts to the public for compensation.

The court said that the relators did not ask for an inspection of the record relating to lands in which they claimed to have any interest, or concerning which they desired to acquire an interest; on the contrary, that the right sought for by the relators was to enable them to furnish information to third parties for their own emolument, and that, inasmuch as the statute did not, in clear and unmistakable terms, grant such a right, it would not be given by construction.

In the subsequent case of *Burton* v. *Tuite, 78 Mich. 363,* a *mandamus* was issued to enforce the right of an individual to search a title in which he had a personal interest.

In *Buck* v. *Collins, 51 Ga. 391,* under a statute providing " that all books kept by a public officer shall be subject to the inspection of all citizens," the supreme court of Georgia denied the right of the relator to inspect and make abstracts to be used by him in his business for his own profit.

Barber v. West Jersey Title and Guaranty Co.

The same construction was put upon a like statute in Kansas. *Cormack* v. *Wolcott, 37 Kan. 391.*

The Prince George's County Abstract Company was incorporated by an act of the legislature of Maryland, which provided

" that said corporation may make and may procure copies and abstracts from the public records of the state and gather information therefrom, and from other sources relating to conveyance of property, real and leasehold, make indexes of all deeds, mortgages, judgments, decrees and other records within the State of Maryland, and may examine and guarantee titles to property, real and personal."

Under this liberal legislation, the supreme court of Maryland, in *Belt* v. *Prince George's Abstract Co.,* declared that said company had not the right to make searches and abstracts of title for their business without payment to the clerk of his statutory fees.

The case of *Lum* v. *McCarty* carries the right of the public to its extreme limit.

The respondent, by force of its incorporation, has the same right to inspect the public records which may lawfully be exercised by an individual. Every person, without legislative authority, may engage in the business of examining and guaranteeing titles as fully as this company is empowered to do by its act of incorporation.

When such a person or a company, with such authority, is empowered to examine and guarantee a particular title, the clerk, upon demand, is bound to give access to the records for that purpose, subject to reasonable rules and regulations.

With this limitation upon the right of the relator, it seems clear that a court of equity is not the proper forum in which to enforce the performance of the duty which, in such a case, falls upon the custodian of the records.

" The doctrine that a court of equity will not act where there is a remedy at law, is fundamental." *New York &c. Railroad Co.* v. *Montclair, 2 Dick. Ch. Rep. 593.*

The proper province of writs of *mandamus* is to enjoin the doing of particular acts, and not to constrain a person to regu-

late his whole course of conduct according to some general prin-
ciple. *Rosenfeld* v. *Einstein, 17 Vr. 479.*

In this case, the duty of the clerk being restricted to the per-
formance of a specific act, a complete remedy will be afforded by
the writ of *mandamus.* The rights of the parties being settled,
if the clerk refuses to accede to a proper demand made upon
him, the court of law may impose such a penalty as will com-
mand obedience to the law.

It may also be within the power of the court to restrain the
company from improperly using its privilege, as well as to coerce
the clerk to permit its enjoyment.

In our opinion, the decree below should be reversed, with
costs.


GARRISON, J. (concurring).

I vote to reverse upon the single ground that the right of
respondent, under color of its incorporation, to engage in an
organized competition with the county clerk in the business of
making searches and charging for certificates thereof, is not the
proper subject of protection by injunction.

In so far as the opinion extends this rule to the respondent's
business of " insuring titles to land," I dissent.


*For reversal*—DIXON, GARRISON, LIPPINCOTT, REED, VAN
SYCKEL, BOGERT, BROWN, KRUEGER, SIMS—9.

*For affirmance*—MAGIE—1.