In the Matter of the Petition of EDWIN E. BECKER, Respondent, for a Peremptory Writ of Mandamus Directed to GEORGE R. LUNN, as Mayor of the City of Schenectady, Appellant.

Third Department, March 8, 1922.

Municipal corporations — officers — peremptory mandamus to compel inspection of books in mayor's office relating to receipts and disbursements by him of license money received for permission to exhibit Sunday motion pictures — inspection includes right to make copy — said records in mayor's office are public — motion by defendant to submit additional affidavit and to reopen and reargue proceeding properly denied.

The right granted by section 51 of the General Municipal Law to any taxpayer to inspect the books, etc., in the office of any municipal officer includes the right to take extracts or copies therefrom.

The records kept by the mayor of the city of Schenectady, showing the receipt of moneys paid to him by moving picture exhibitors, under an ordinance authorizing the exhibition of Sunday motion pictures, and the disbursement by the mayor of said moneys so received, are public records subject to inspection by any taxpayer under section 51 of the General Municipal Law, and it is not within the province of the mayor to declare that said records are private records.

The order denying the motion by the defendant to submit an additional affidavit and to reopen and reargue the proceeding was properly granted because it appeared that such affidavit was irrelevant to the questions involved and could not affect its determination.

APPEAL by George R. Lunn from an order of the Supreme Court, made at the Montgomery Special Term and entered in the office of the clerk of the county of Schenectady on the 5th day of November, 1921, granting relator's motion for a peremptory mandamus order requiring the appellant to allow and permit the relator to make an examination and inspection of certain books, bills, etc.,

relating to the moneys or license moneys paid to him by the exhibitors of Sunday motion pictures in the city of Schenectady, and also from an order made at the Schenectady Special Term and entered in said clerk's office on the 7th day of December, 1921, denying appellant's application to submit an additional affidavit, to reopen the proceeding to reargue the motion for the mandamus order, and to cancel and vacate said peremptory mandamus order.

*George B. Smith*, for the appellant.

*Fryer & Lewis* [*Charles G. Fryer* of counsel], for the respondent.

COCHRANE, P. J.:

On February 9, 1920, the common council of the city of Schenectady enacted an ordinance authorizing the exhibition of Sunday motion pictures. The ordinance did not in terms require the payment of any fee for the privilege of giving Sunday exhibitions but it prohibited them without a permit and provided that such permit should be issued by the mayor in his discretion and contain such terms and conditions as he might prescribe and that such permits might be revoked or renewed at any time in his discretion. By a prior ordinance in force since the year 1906 a license fee was required of theatres including moving picture theatres which fees have been received by the mayor and by him turned over to the city treasurer. As a matter of fact the Sunday exhibitors since the ordinance of February 9, 1920, have paid to the mayor in addition to the fees fixed by the 1906 ordinance certain amounts stated generally to have been five per cent of their gross Sunday receipts. The mayor admits that he has thus received about $7,200, substantially all of which he has disbursed to various needy persons and charitable organizations as in his judgment seemed proper.

The petitioner, a resident and taxpayer of the city, seeks to inspect the records, books and all documents on file in the mayor's office relating to the receipts and disbursements by him of any money derived from the exhibition of Sunday moving pictures and to make copies and to take extracts therefrom.

Section 51 of the General Municipal Law declares: "All books of minutes, entry or account, and the books, bills, vouchers, checks, contracts or other papers connected with or used or filed in the office of, or with any officer, board or commission acting for or on behalf of any county, town, village or municipal corporation in this State are hereby declared to be public records, and shall be open, subject to reasonable regulations to be prescribed by the officer having the custody thereof, to the inspection of any taxpayer."

The mandamus order under review being peremptory it is essential that the facts on which it rests should be admitted or be ascer-

tainable from the mayor's opposing affidavits. Thus ascertained it appears that there are on file in his office records, entries or documents pertaining to the receipts and disbursements by him of moneys derived from Sunday moving picture exhibitions. He asserts that he is willing to exhibit the same to the petitioner and that he offered to do so and to explain the various entries and documents but that the petitioner appeared with a stenographer and demanded the right to make and take away copies of the entries and documents which he refused to allow. The question here involved, therefore, seems to be whether the right of " inspection " granted by the statute includes the right to copy the records so inspected.

" Inspection " means more than " perusal." It means: " Critical examination; close or careful survey " (Century Dictionary); " A strict or prying examination; close or careful scrutiny; investigation " (Webster's Dictionary). The right to copy seems to be a necessary incident of the right to inspect for otherwise the purpose of the inspection would largely be thwarted, or at least the person making the inspection would be subjected to much inconvenience and loss of time. Furthermore these records are by the statute above quoted " declared to be public records " and as such it would seem by analogy that they might be copied as well as public records of other offices. Such is the common understanding and the general practice save in exceptional instances which do not here exist. Discussion of this question, however, is unnecessary because it seems to be settled by authority in this State that the right of inspection includes the right to copy. (*Cotheal* v. *Brouwer*, 5 N. Y. 562; *Henry* v. *Babcock & Wilcox Co.*, 196 id. 302; *Matter of Martin*, 62 Hun, 557; affd., on opinion below, 133 N. Y. 692; *People ex rel. Spire* v. *General Committee*, 25 App. Div. 339; *People ex rel. Lorge* v. *Consolidated National Bank*, 105 id. 409.)

The mayor contends that the payment of these moneys by the Sunday moving picture operators was voluntary on their part; that the moneys did not belong to the city; that he received and disbursed them not officially but as a private citizen and that the public has no right or interest in respect thereto. All that may or may not be true. The argument is beside the question. We are not now considering the propriety or legality of the mayor's acts in receiving and disbursing the money. But he as mayor was clothed with the absolute power of life or death in respect to these Sunday exhibitions. To him as the sole repository of such power was paid a generally uniform percentage of the receipts therefrom. It is idle to argue that such moneys would have been paid to him if he had not been mayor and that such payments do not, therefore.

bear some relation to his official capacity. We repeat that we are not criticising the mayor. That question is not here involved. We are concerned only with the fact that in his office are certain records relating to such receipts and disbursements. It is not within his province to declare that they are private records. Their quality as such depends not on the will of the mayor or any other person. (*Matter of Egan*, 205 N. Y. 147.) The positive declaration of the statute makes them public. This statutory declaration we are not at liberty to controvert or question. The policy of the law favors publicity. The statute we have cited proceeds upon the theory that there are or should be no confidential records in respect to public business. The mandamus order from which the appeal is pending follows quite closely the phraseology of the statute and is clearly within its purport and should, therefore, be affirmed.

The order denying the motion to submit an additional affidavit and to reopen and reargue the proceeding should also be affirmed because it appears that such affidavit is irrelevant to the question here involved and could not affect its determination.

The orders should, therefore, be affirmed, with costs.

Orders unanimously affirmed, with costs.