ELTON W. MANLOVE, APPELLANT, v. DAVID HARPER, RESPONDENT.

Submitted January 29, 1932—Decided May 2, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the appellant, *William M. McConnell.*

For the respondent, *Edward R. McGlynn.*

The opinion of the court was delivered by

PARKER, J. The trial court directed a verdict for the defendant. This action is assigned as a ground of appeal, but not argued, no doubt because the rulings of the court on the admission of testimony left the plaintiff with no substantial proof of his case. If there was error in those rulings, and that error is properly before us, the judgment should be reversed; otherwise, it should be affirmed.

Assuming for the present that the other four grounds of appeal, or some of them, are supported by proper exceptions taken at the trial, the determinative question on the merits is whether the suit is an action of *crim. con.* or an action for alienation of affections (or perhaps both). In the first alternative, the rulings were proper: in either of the latter alternatives they were erroneous. The view of the trial court was that the action was solely one of *crim. con.* If so, the statute, section 5 of the Evidence act (*Comp. Stat., p.* 2222), prescribes generally that the husband or wife of an interested party is a competent witness, "provided, that nothing herein shall render any husband or wife competent or compellable to give evidence for or against the other in any action for criminal conversation except to prove the fact of marriage * * *." Three of the four excluded questions were asked of the wife; the fourth, of the husband. It is not claimed that the exclusion was erroneous if the suit was for *crim. con.*

alone; and that question is naturally to be determined by turning to the record.

The complaint is in one count, of four paragraphs, and avers (1) that plaintiff and his wife were and are husband and wife; (2) that until April 15th, 1918, plaintiff and his wife lived together in harmony, and that he is still supporting her; (3) "defendant well knowing said Laura Manlove to be the wife of the plaintiff and wrongfully contriving and maliciously and wickedly intending to injure the plaintiff, to wrongfully deprive him of the affections, consort, society and aid of plaintiff's wife, maliciously planned and undertook to alienate the affections of the plaintiff's wife; and to accomplish his purpose, has acquired an improper influence over her, and has debauched and carnally known her and has ever since, and at all times exerted an influence and control over the mind of said plaintiff's wife;" (4) "that by reason of the premises the plaintiff has been and still is wrongfully deprived by the defendant, of the consort, society, aid and services of his said wife and her affections for him have been alienated and destroyed by defendant, and plaintiff has suffered great distress of body and mind and has been put to great trouble and expense in an endeavor to recover and regain the affections of his said wife."

This, as pointed out by counsel for respondent, corresponds in all essential particulars with the form of declaration for *crim. con.* in an action of case, to be found in 2 *Chi. Pl.* \*642. It is true that the present complaint contains an averment that the affections of the plaintiff's wife have been alienated; but so does the form in Chitty, the author adding in a footnote "the gist of the action not being the supposed assault on the wife, but the consequent corruption of the body and mind of the wife." There are many cases of ailenation of affections not involving the element of *crim. con.;* as against the parents of the wife (or husband under out statutes, see *Sims* v. *Sims,* 79 *N. J. L.* 577). *Girardin* v. *Girardin,* 2 *N. J. Mis. R.* 1104; *Topolewski* v. *Diszynski, Ibid.* 425; *Renner* v. *Renner,* 5 *Id.* 411; *Leavitt* v. *Leavitt,* 7 *Id.* 124.

Where *crim. con.* is charged in one count and alienation in another, and both are relied on, the statutes does create an

anomalous situation. *Rust* v. *Oltmer*, 74 *N. J. L.* 802. But that situation does not obtain in the case now before us. There is but one count, and that for *crim. con.* Without proof of that offense, the case made on this record fails; and an attempt, or offer to prove a case of simple alienation was rightly barred by the court.

We have dealt with the merits as though the first four grounds of appeal were supported by valid exceptions; but this is not the case. The several questions were overruled and no exception was prayed at the time, though it is elementary that timely exception must be taken in order to permit the court to correct possible error by a change in the ruling. At the conclusion of the case, plaintiff's counsel stated that simple alienation was intended to be proved and asked leave to recall the witnesses and re-examine them in that aspect. The court refused to do this, and counsel then excepted and now invokes that exception to attack the original exclusion. But the exception is to the refusal to reopen the case, and is not made a ground of appeal: if it were, it would be without merit because the reopening was purely discretionary, and also because the questions were incompetent, as we have pointed out.

The judgment will be affirmed.