**MILTON FULLER, as Town Clerk of the Town of Surfside, v. STATE OF FLORIDA, ex rel. MICHAEL O'DONNELL, FRANCIS A. ROGERS and MAX GOTTLIEB.**

17 So. (2nd) 607             January Term, 1944
April 21, 1944                  Division A

*McKay, Dixon & DeJarnette* and *Keen & Allen,* for appellant.

*E. F. P. Brigham* and *Talbot Whitfield, Jr.,* for appellees.

TERRELL, J.:

This appeal is from a final judgment in mandamus which required the appellant to permit the appellees to inspect the public records of the Town of Surfside and to make copies thereof. The appellant contends that that part of the final judgment authorizing copies of the public record to be made, including the conditions under which it may be made, is erroneous.

The controlling statute is Section 119.01, Florida Statutes of 1941, as follows:

"All state, county, and municipal records shall at all times be open for personal inspection of any citizen of Florida, and those in charge of such records shall not refuse this privilege to any citizen."

The appellant is Town Clerk of the Town of Surfside and the appellees are citizens of the town. It is admitted that the latter have a right under the quoted statute to inspect the records but it is contended that the right to inspect does not include the right to make copies. There is no merit to this contention. The best reasoned authority in this country holds that the right to inspect public records carries with it the right to make copies. This on the theory that the right to inspect would in many cases be valueless without the right to make copies. State ex rel. Davidson v. Couch, 116 Fla. 120, 156 So. 297; Direct Mail Service Inc. v. Registrar of Motor Vehicles, 296 Mass. 353, 5 N. E. (2nd) 545; In re Becker, 192 N. Y. S. 754, 200 App. Div. 178.

Viewed in the larger perspective, there is a more impelling reason why this is true. Under our form of governmental organization, a municipality is one of the integers of democracy; the people who constitute the municipality are its owners and stockholders; its officers are nothing more than its agents. To say that the agent can deny the right of the stockholder to inspect and make copies of the records of the corporation would give countenance to the very evil that Jefferson warned against in his famous aphorism, "Every government degenerates when trusted to the rulers of the people alone. The people themselves are the only safe depositories." Not only this, to uphold such a doctrine would make rubbish of the well known trilogy of Abraham Lincoln and in the place of government of, for, and by the people, we would have government by petty autocrats. I once heard a very distinguished circuit judge say that he never permitted another to feed his dog, that he always performed this duty himself because he wanted his dog to know to whom he was indebted for his daily bread. There is a mine of wisdom in this philosophy. If every administrative board had the intellectual keenness to imbibe it and the humility to shape his conduct accordingly, the term bureau and bureau-

crat would cease to stink when pronounced and would in turn be assigned a place of respect and favor in the lexicon of democracy.

We find no objection to the conditions under which the trial court provided that the records be inspected and copied. The appellant is at all times responsible for the custody of the town records but when a citizen applies to inspect or make copies of them, it is his duty to make provision for this to be done in such reasonable manner as will accommodate the applicant and at the same time safeguard the records. There is always a field for the operation of reason and charity in such controversies in a way to protect the municipality and accommodate the one who desires the inspection if the parties are disposed to find it.

Affirmed.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.