45 N.J. Super. 184 (1957)
131 A.2d 887
THE EVENING JOURNAL ASSOCIATION, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
WILLIAM MacPHAIL, COMMISSIONER OF REGISTRATION OF HUDSON COUNTY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided April 26, 1957.
*185 Messrs. Stein, Stein & Engel (Mr. Howard Engel appearing), attorneys for the plaintiff.
Mr. Samuel Schneiderman, attorney for the defendant.
SMITH, J.S.C.
This is an action in lieu of prerogative writ in which the plaintiff demands judgment that the defendant be required to permit plaintiff, at a time and place ordered by the court, to photograph the signature copy register of one Thomas Gangemi so that plaintiff may publish a reproduction thereof in its newspaper, and the plaintiff moves for a summary judgment.
The court has considered the pleadings filed in this case, the complaint and answer thereto, the notice of motion and the moving papers attached thereto, namely, the affidavits, and the memoranda submitted on behalf of both the plaintiff and the defendant.
The court gathers that the facts, briefly, are that on or about April 2, 1957, and subsequently, the Jersey Journal published a political controversy and paid political advertisements related to the approaching Jersey City municipal election which is to be held on May 14, 1957.
A charge was made by one of the incumbent commissioners of the city, Mr. Ringle, that from 1938 to 1941 Thomas Gangemi, a business man and candidate for the office of city commissioner of Jersey City on one of the opposition slates in the present election, was listed on the city payrolls as a laborer and as such received and cashed checks during that time.
A paid political advertisement then appeared in the newspaper published by the plaintiff containing what purported to be a reproduction of a Jersey City payroll check dated *186 May 31, 1941, made out to the order of one Thomas Gangemi in the amount of $75. The advertisement also contained a reproduction of the endorsement of said check. Thomas Gangemi, the candidate, reportedly has denied that he was the Thomas Gangemi named as payee in the check.
The affidavit indicates that the editor of the Jersey Journal, Mr. Eugene Farrell, sent an employee to examine and attempt to procure a photograph of the signature copy register of the said Mr. Gangemi which is within the custody of the defendant in his position as Commissioner of Registration of Hudson County, who has the custody and care of certain signature copy registers and other records required to be kept for use in general elections. Permission was granted to examine the signature copy register but not to make a photographic copy thereof.
The present action is one by the plaintiff wherein it seeks to compel the defendant to permit the photograph to be made of same, as plaintiff says, "in furtherance of its business and as a public service," and as I have already indicated, this is a motion for a summary judgment seeking a court order for that purpose.
The plaintiff contends it has a right to inspect the signature copy register under the express provisions of R.S. 19:31-10, which provides in part as follows:
"The signature copy registers shall at all times, except during the time as above provided and subject to reasonable rules and regulations be open to public inspection."
These records, called "registration records," are by statute and reported cases considered to be and are public records. The statutes concerning registration records contain no provision regarding the right of the general public to obtain and make photostatic copies. The commissioner of registration is obliged to preserve and protect all public records, as well as any and all rights of any individual voter.
The right of a newspaper publisher to inspect public records, the plaintiff contends, is granted under a case decided in the Michigan Supreme Court, Nowack v. Fuller, *187 243 Mich. 200, 219 N.W. 749, 60 A.L.R. 1351 (1928), and also Holcombe v. State, 240 Ala. 590, 200 So. 739 (Sup. Ct. 1941). Plaintiff, from such decisions, concludes that it has not only the right to inspect or examine them but to photograph them for newspaper publication. Plaintiff refers this court to a New York decision that "the right to copy seems to be a necessary incident of the right to inspect." In re Becker, 200 App. Div. 178, 192 N.Y.S. 754 (App. Div. 1922).
From the right to copy evolves the right to use a photographic device, so the plaintiff contends, and cites a decision by a Texas court which allowed a plaintiff to photograph the documents it sought to inspect and copy. Tobin v. Knaggs, 107 S.W.2d 677 (Tex. Civ. App. 1937). Therefore, the plaintiff contends that both by statute and authority it has a right to make a photostatic copy of the records, to photograph same, and publish a reproduction of the requested signature copy record.
There is no specific statutory requirement as to the rights of the general public, as well as newspapers published in the county, to make a photostat of such public records in the commissioner of registration's office.
In this motion for summary judgment plaintiff relies on authority in the case of Casey v. MacPhail, 2 N.J. Super. 619 (Law Div. 1949), in which a motion was made for summary judgment under then Rule 3:81-4 to allow plaintiff to make inspection of duplicate forms of registration filed with the superintendent of elections. In that case the plaintiff was a candidate for the office of commissioner of the City of Jersey City and its police chief. The court ruled that the plaintiff was entitled to inspect the registration forms and to copy same, but enjoined him, as I recall, from turning over any of the information to the Department of Police for purposes of investigation or otherwise. In fact, what the court there held was the right to inspect was subject to certain qualifications.
In this State the right of a taxpayer to inspect public records is clear. Ferry v. Williams, 41 N.J.L. 332 (Sup. *188 Ct. 1879); Higgins v. Lockwood, 74 N.J.L. 158 (Sup. Ct. 1906). It seems to me, however, significant that in the case of Taxpayers Ass'n of Cape May, New Jersey v. City of Cape May, 2 N.J. Super. 27, 64 A.2d 453 (App. Div. 1949), the plaintiffs were confined to an examination of documents which were public records. Justice Jacobs, speaking in that case, among other things, said:
"This, however, [meaning the right to inspect] is readily met by the power of the trial judge to impose appropriate restrictions as was done here and, indeed, by his wide discretion to deny all relief either in the public interest * * * or because of the plaintiff's bad motives * * * or for other just cause."
In the instant case there is no question as to the good motives of this plaintiff. However, there is some question as to the right of this plaintiff, for the purposes it desires, to institute this litigation.
The statute under which the plaintiff demands judgment that it be allowed to make a photograph of this signature copy register is R.S. 19:31-10. The applicable section thereof reads as follows:
"The signature copy registers shall at all times, except during the time as above provided and subject to reasonable rules and regulations be open to public inspection."
The right to inspect such records has, as above mentioned, been determined to be proper, and to copy them under certain circumstances on behalf of certain parties, and this applies to taxpayers and citizens alike.
The parties admit that there is no reported decision in this State which will allow a newspaper publisher to inspect signature copy records, much less actually photograph them. This right is derived from the statute.
As I contemplate the facts, the plaintiff has already inspected the said records, which, after all, is the most that our statute allows, except under certain circumstances to copy same. There is no specific right to copy granted by the statute, even for a taxpayer.
*189 The plaintiff, it seems, therefore, has shown no abuse of a statutory right by the defendant. Plaintiff's purpose in seeking to go further than permitted by statute is to further its own business. The plaintiff is seeking news. It seeks the power of the court to aid said plaintiff in obtaining a photograph that statutory law in this State nowhere permits to be taken.
A summary judgment should be granted only with much caution. Hodes v. Dunsky, 5 N.J. Super. 333 (App. Div. 1949); Gray v. Cholodenko, 34 N.J. Super. 190 (App. Div. 1955).
Summary judgment should be granted only if it is obvious that there is no genuine issue and that the moving party should have judgment as a matter of law. R.R. 4:58-3.
To substantiate the right of a newspaper publisher to inspect public records, plaintiff relies on a decision of the Michigan Supreme Court. Nowack v. Fuller, supra. In that case the newspaper publisher, wishing to inspect public records in the Auditor General's office to determine if public money was being properly expended, was held to have the "special interest" entitling him to inspect such records by suit brought in his own name. The court held that denying the plaintiff access to the public records for the purpose of securing information was a deprivation of his legal rights because his petition showed he had been injured in his business. However, it seems to me that that case is distinguishable from the case at hand. The Evening Journal Association has not been denied access to public information and has not shown any statutory right that has been denied it. Access has been fully granted as provided by our statute.
The two cases on which the plaintiff relies to allow it the right to photograph public records were decided in favor of the granting of such permission because the respective statutes of those jurisdictions expressly allowed the right to copy. The statute of Texas, Article 1945, R.S. 1925, read:
"And all books, records and filed papers belonging to the office of county clerks shall at all reasonable times be *190 open to the inspection and examination of any citizen, who shall have the right to make copies of the same." Tobin v. Knaggs, 107 S.W.2d, at page 679 (Tex. Civ. App. 1937).
In In re Becker, supra, a taxpayer plaintiff was held entitled to copy public records although only the right of inspection was granted by statute, because it was settled by the authority in that state that the right to inspect included the right to copy.
This also has been held in this State, as I have indicated, under certain conditions and restrictions.
Therefore, as it seems to me, this is a matter of discretion of this court under the facts of the particular case. The court feels that it should not be called upon to use its judicial power for the purpose of assisting the plaintiff to obtain news and, therefore, the motion for summary judgment will be denied.
Courts cannot legislate statutes created by those who have the authority so to do, namely, the Legislature. All the court can do in connection with our laws is to administer them and interpret them, but not to change them, and it seems to me that that is exactly what is required here  legislative action in the form of a legislative mandate, and not judicial action. It is for the Legislature to determine whether or not public records which are open to inspection are subject to copy by photographic means.