A. JEROME MOORE, REGINA H. MEREDITH, ANTON J. HOLLENDONNER, JOSEPHINE A. MATHEY, AND NANCY SCHLUTER, PLAINTIFFS, v. THE BOARD OF CHOSEN FREEHOLDERS, OF THE COUNTY OF MERCER, GEORGE J. SUTCH, FREEHOLDER OF THE COUNTY OF MERCER AND CHAIRMAN OF REVENUE & FINANCE, PHILIP T. CARROLL, CLERK OF THE BOARD OF FREEHOLDERS OF THE COUNTY OF MERCER, MARTIN T. HILLMAN, TREASURER OF THE COUNTY OF MERCER, ARTHUR R. SYPEK, FREEHOLDER OF AND DEMOCRATIC NOMINEE FOR THE OFFICE OF FREEHOLDER OF THE COUNTY OF MERCER, RICHARD J. COFFEE, FREEHOLDER OF AND DEMOCRATIC NOMINEE FOR THE OFFICE OF FREEHOLDER OF THE COUNTY OF MERCER SAMUEL M. SHARKEY, AUDITOR OF THE COUNTY OF MERCER, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided August 3, 1962.

*Mr. Edward B. Meredith,* attorney for plaintiffs.

*Mr. Joseph S. Bash,* County Counsel, attorney for defendants.

BENNETT, J. C. C. (temporarily assigned). In this action the plaintiffs seek to compel the defendants to make available

to them certain public records, to permit the plaintiffs to photocopy these records, and to secure the continuing jurisdiction and supervision of the Superior Court over such photocopying. In general, these records consist of the public and financial records maintained by the Mercer County administration.

All of the plaintiffs herein are taxpayers in Mercer County and registered Republican voters. In addition, the plaintiff Moore is chairman of the Republican County Committee, and the plaintiffs Meredith and Hollendonner are Republican candidates for the board of chosen freeholders as a result of the 1962 primary election.

The defendants are elected or appointed officials of the County of Mercer and have custody of the public records which the plaintiffs seek to photocopy. With the exception of the defendant Sharkey, all are registered Democratic voters, and the defendants Sypek and Coffee are both incumbent freeholders and candidates for re-election.

The plaintiffs claim that the desired records are distributed throughout the various departments of government in such a way that it is necessary for them to have available for photocopying all records of a public nature so that they may be able adequately to study and comprehend them. The plaintiffs further allege that their efforts in the past to gain access to and to read or copy these public records have been impeded by the harassment and lack of cooperation on the part of the named defendants.

It is admitted by the defendants that the plaintiffs have the right to read and inspect all records of a public nature. The defendants have also agreed that the plaintiffs may copy such records by hand as they are inspecting them. Furthermore, during the hearing of a motion to dismiss before the Honorable Frank J. Kingfield, A. J. S. C., on June 29, 1962, Joseph S. Bash, Esq., attorney for the defendants, stated that the County of Mercer was willing to do any desired photocopying for the plaintiffs. He said:

"Your Honor, the county has always permitted the plaintiffs to inspect and hand-copy the records. The county has also offered, through the defendant, George Sutch, that they were ready to photocopy the records at reasonable times for a reasonable fee with proper safeguards. We are still willing to photo-copy the records for the plaintiffs."

During the hearing of the present motion the defendants have again expressed their willingness to allow the plaintiffs to read, inspect and hand-copy the desired public records and to photocopy such records for the plaintiffs under the supervision of the court.

On June 29, 1962 the defendants moved before Judge Kingfield, in the Chancery Division, for a judgment dismissing the plaintiffs' complaint for failure to state a claim upon which relief can be granted; for a dismissal as to certain plaintiffs on the grounds that they were not necessary or proper parties; for a judgment of dismissal because the complaint was motivated by partisan political purposes in an effort to utilize the court solely for propaganda; and for an order striking certain paragraphs of the complaint as being redundant, impertinent and scandalous. The motion was denied. The court held that the complaint should not be dismissed for a failure to state a claim upon which relief could be granted since the defendant had not yet filed his answer.

The defendants have answered and now move for summary judgment on the ground that there exists no genuine issue as to any material fact and that the defendants, Board of Chosen Freeholders of the County of Mercer *et al.*, are entitled to the judgment as a matter of law.

 It is claimed by the plaintiffs that the matter before this court is *res judicata* because the parties, the issues, the allegations of the complaint, and the cause of action are the same as those which appeared in the previously discussed motion of dismissal. This contention cannot stand. The issue as to the right of the plaintiffs to photocopy the

public records of the Board of Freeholders of Mercer County has not been ruled upon and is not *res judicata*.

The plaintiffs also allege that by admitting certain paragraphs in the complaint and by denying others the defendants are, in effect, conceding that there are issues of fact presented therein. The denying of various paragraphs does not establish factual issues relevant to the motion unless they are material to the relief sought. The defendants concede every right sought except the right to photocopy with their own equipment. This court concludes that the sole issue before it is whether under the circumstances of this case the plaintiffs have a right to photocopy, by the use of their own equipment, all public records under the control of the Board of Chosen Freeholders of the County of Mercer.

The plaintiffs rely on *R. R.* 4:24–1 to substantiate their claim of a right to photocopy. The rule states:

"Upon motion of any party showing good cause therefor and upon notice to all other parties, * * * the court may (a) order any party to produce and permit the moving party, or someone acting on his behalf, to inspect and copy or photograph any designated books, papers, documents or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination * * * and which are in his possession, custody, or control * * *."

Here we have an *express grant* to the courts of the power to allow the inspecting, copying or *photographing* of certain things under restricted circumstances. The purpose of *R. R.* 4:24–1 is to aid the parties in the process of discovery *as to the issues before the court*. In the case at bar the issue before the court is the right to photocopy. Discovery under the rule cannot answer this question.

In support of their position the plaintiffs cite cases from jurisdictions outside of New Jersey. In *Fuller v. State ex rel. O'Donnell*, 154 *Fla.* 368, 17 *So. 2d* 607 (1944), the Supreme Court of Florida held that the statutory right of inspection of municipal records included the right to

make copies thereof. The controlling statute was *Florida Statutes of* 1941, *F. S. A.* § 119.01, *p.* 607, which provided as follows:

"All state, county and municipal records shall at all times be open for personal inspection of any citizen of Florida, and those in charge of such records shall not refuse this privilege to any citizen."

It must be noted that in reaching this decision the Florida court relied on a statute which expressly granted the power to inspect. The Florida court, however, still reserved the right to impose such conditions as would accommodate the applicant and at the same time safeguard the records.

The case of *Logan v. Mississippi Abstract Co.,* 190 *Miss.* 479, 200 *So.* 716 (*Sup. Ct.* 1941), also relied on a statutorily granted power in allowing the petitioners to photocopy certain public records. The statute in question, *Mississippi Code* 1930, § 350, *p.* 718, provides:

"All records and papers subject to inspection * * * and the clerk shall show to any person enquiring for it where any record or paper in his office can be found, and shall allow him access to it, and to examine it and *make any copy, note or memorandum he desires to make of it.*" (Emphasis supplied)

To the same effect was *Tobin v. Knaggs,* 107 *S. W.* 677 (*Tex. Civ. App. of Texas* 1937), where the court found that under the statute a Texas citizen was entitled to make copies of county clerk's records by photography.

*In re Becker,* 200 *App. Div.* 178, 192 *N. Y. S.* 754 (*App. Div.* 1922), held that where *section* 51 of the General Municipal Law gave to a taxpayer the right to inspect certain public records, it followed that this taxpayer also had the right to copy them. The problem of photocopying was not before the court.

The plaintiffs also rely on several New Jersey cases. In *Taxpayers Association of Cape May, New Jersey v. City of Cape May,* 2 *N. J. Super.* 27 (*App. Div.* 1949), the court held that the plaintiffs had a common law right to inspect

the public records of the city. And in *Casey v. MacPhail,* 2 *N. J. Super.* 619 (*Law Div.* 1949), summary judgment was granted to the plaintiff entitling him to examine certain public records under conditions to be specified in the order. The case of *Ferry v. Williams,* 41 *N. J. L.* 332 (*Sup. Ct.* 1879), also concluded that every person is entitled to the inspection of documents of a public nature, provided he shows the requisite interest therein.

In the case of *Evening Journal Ass'n v. MacPhail,* 45 *N. J. Super.* 184 (*Law Div.* 1957), the plaintiff moved for summary judgment, in effect demanding that the defendant be required to permit plaintiff, at a time and place ordered by the court, to photograph the signature copy register of one Thomas Gangemi so that the plaintiff could publish a reproduction thereof in its newspaper. In denying the motion the court said:

"There is no specific statutory requirement as to the rights of the general public, as well as newspapers published in the county, to make a photostat of such public records in the commissioner of registration's office." (at *p.* 187)

The court thereupon concluded:

"Courts cannot legislate statutes created by those who have the authority so to do, namely, the Legislature. All the court can do in connection with our laws is to administer them and interpret them, but not to change them, and it seems to me that that is exactly what is required here—legislative action in the form of a legislative mandate, and not judicial action. It is for the Legislature to determine whether or not public records which are open to inspection are subject to copy by photographic means." (at *p.* 190)

There is at present no statutory right to photocopy public records. As a matter of fact, this very subject is pending before the New Jersey Legislature. On March 26, 1962 *Assembly Bill No.* 536 was introduced to deal with this problem. It provides in part:

"Every citizen of this State, during the regular business hours maintained by the custodian of any such records, shall have the

right to inspect such records, or copy such records manually or by any photographic device which shall not damage or mutilate any records to be so copied."

Certainly *Evening Journal Ass'n v. MacPhail, supra,* would point to a denial of the plaintiffs' claim. Likewise, the fact that there is legislation pending on the subject matter is convincing proof that statutory assistance is needed, and there is further persuasion that something specific is needed in the fact that our rules specifically provide for photocopying.

Finally, it is noted that all relevant citations from other states on the subject matter are based upon statutory grants of discovery. A contemporary grant of such power to inspect could easily be extended to include the use of contemporary recording devices, but pre-Victorian, common law principles do not carry such tolerance. In the former I would concede the legislators are abreast of current developments in the art of inspecting and recording, but by no stretch of the imagination can it be said that those who enshrined our most sacred common law principles had in mind the use of photocopying devices.

The complaint is dismissed and judgment in accordance with the views herein expressed may be entered.