THE STATE OF FLORIDA, *ex rel.* JOHN D. HARRIS, RELATOR, *Plaintiff in Error,* v. C. W. WIECKING, RESPONDENT, *Defendant in Error.*

Opinion Filed Jan. 28, 1913.

MANDAMUS LIES TO COMPEL CLERKS TO PERMIT PARTIES TO EXAMINE AND MAKE EXTRACTS FROM PUBLIC RECORDS, INCLUDING DOCUMENTS FILED FOR RECORD BUT NOT ACTUALLY RECORDED.

Under the provisions of our statutes the public generally, including any person or firm who may be engaged in the enterprise of compiling a complete set of abstract books of the titles to all the real estate in a county, have the continuous right at all reasonable hours and times, by themselves or their agents, to inspect and make extracts from any and all of the public records in the offices of the clerks of the Circuit Courts, including all instruments relating to real or personal property that are authorized or required to be recorded, from the time they are *filed with such clerks for record,* though not yet actually spread upon the record books; and mandamus lies to compel such clerks to permit the exercise of such right.

Writ of error to the Circuit Court for Pinellas County.

Judgment reversed.

*McMullen & McMullen,* for Plaintiff in Error;

*John U. Bird,* for Defendant in Error.

TAYLOR, J.—The Circuit Court refused a mandamus to compel the Clerk of the Circuit Court of Pinellas County "to forthwith permit the relator John D. Harris or his agents, under the Clerk's supervision, to inspect and make abstracts from all instruments relating to real property which are authorized or required to be recorded and which have been filed with the Clerk for record, but which have not actually been spread upon the records in his office." There was final judgment for the respondent, and the relator brings the case here for review by writ of error.

It is shown that the relator is engaged in the business of compiling abstracts of the title to all the real estate in the County, and desires to take extracts from instruments filed for record, but not actually recorded, to be used as parts of his abstracts. In the case of State *ex rel.* Davis v. McMillan, 49 Fla. 243, 38 South. Rep. 666, it was held that under the provisions of our statutes the public generally, including any persons or firm who may be engaged in the enterprise of compiling a complete set of abstract books of the titles to all the real estate in a County, have the continuous right at all reasonable hours and times, by themselves or their agents, to inspect and make extracts from any and all of the public records in the offices of Clerks of the Circuit Courts. Some question is made in the instant case, that the decision in the case just above cited does not cover or include instruments affecting the title to realty that

have simply been filed for record but not yet actually spread upon the records. There is no merit in this contention. Section 2488, General Statutes of 1906, provides that: "all instruments relating to real and personal property which are authorized or required to be recorded, shall be deemed to be recorded from the time the same are filed with the officer whose duty it is to record the same." If then, under the last quoted statute, an instrument becomes a part of the public records from the time it is filed with the Clerk for record, it, from that time, becomes open to the public for inspection and to take extracts from, just as much so as though it were spread at length upon the record books kept by such Clerk.

The court below erred in refusing to the relator the relief sought by his writ of mandamus and the judgment in said cause is hereby reversed at the cost of respondent.

SHACKLEFORD, C. J., AND COCKRELL, HOCKER AND WHITFIELD, J. J., concur.