QUESTION: May a city impose a fee upon persons wishing to hear tape recordings of city commission meetings?
SUMMARY: A state, county, or local agency may not precondition the inspection of a public document on the payment of a fee. The fact that the document sought to be inspected is a tape or sound recording as opposed to a written document is of no import insofar as the imposition of a fee for inspection pursuant to Ch. 119, F.S., is concerned. According to your letter, the Coral Gables City Commission tapes all hearings at commission meetings in addition to having stenographically reported excerpts of the proceedings. Frequently, the city is requested by members of the public to permit such members to hear portions of the tape relative to a particular subject, which tape may cover a period of time from 10 to 14 hours. The citizens of the state of Florida, through their Legislature, have declared that all municipal records ". . . shall at all times be open for a personal inspection of any citizen of Florida and the custodian of such records shall not refuse this privilege to any citizen." Section 119.01, F.S. For the purposes of the Public Records Law, public records are defined to mean: . . . All . . . tapes . . . sound recordings or other material regardless of physical form or characteristic made or received pursuant to law or in connection with the transaction of official business. . . . [Section 119.011(1), F.S.] Section 119.07(1), F.S., requires that the custodian of public records permit said records to be inspected and examined at reasonable times and under his supervision by any person. Pursuant to ss. 119.021, 119.031, and 267.051(6), F.S., the municipal custodian is charged with the duty to keep and maintain the public records of a municipality and to establish and maintain a system for the efficient management thereof subject to the provision that the records be easily accessible for the convenient use of public officials and the citizens of Florida in exercising their statutory right to inspect and examine such records pursuant to ss. 119.01 and 119.07(1), F.S. Such functions of the official custodians are by law governmental duties owed to all the citizens of Florida which have been uniformly imposed statewide pursuant to the police power of the Legislature. Compare AGO 074-55. Said functions have been imposed by the Legislature for public convenience and necessity and in order to promote order and good government. State ex rel. Davidson v. Couch, 156 So. 297 (Fla. 1934); State ex rel. Davidson v. Couch, 158 So. 103 (Fla. 1934); Fuller v. State, 17 So.2d 607
(Fla. 1944); City of Gainesville v. State ex rel. Int'l Ass'n of Firefighters, 298 So.2d 478 (1 D.C.A. Fla., 1974). The duty to ensure access to the public records and the right of all citizens to freely inspect and examine their records at reasonable times and in a reasonable manner is mandatory and hence, enforceable by mandamus. State ex rel. Harris v. Wiecking, 61 So. 125 (Fla. 1913); State ex rel. Cummer v. Pace, 159 So. 679 (Fla. 1935); Gannett Co., Inc. v. Goldtrap, 302 So.2d 174 (2 D.C.A. Fla., 1974). Also see 76 C.J.S. Records s. 41. Tape recordings of hearings and proceedings before the city commission fall within s.119.011(1), F.S., since such tapes are made pursuant to law; see, e.g., s. 286.011, F.S., as well as various general laws requiring public hearings and proceedings by the municipalities or their officers regarding matters such as planning and zoning, public works and improvements, taxing and levying of special assessments, building and safety regulations, etc., and are also clearly made in connection with the transaction of official business by the city. While the Public Records Law authorizes the custodian of public documents to charge a fee as prescribed by law for furnishing certified copies of records, s. 119.07(1), F.S., and photographing records, s. 119.08, F.S., there is no statutory authority which authorizes a municipality to impose a fee for the inspection of public documents. The right of citizens to inspect their records may not be preconditioned on the payment of fees, the payment of the salary of the custodian, or the like. State ex rel. Davidson v. Couch, 156 So. 297, 300 (Fla. 1934). Also see, State ex rel. Cummer v. Pace, supra; State ex rel. Harris v. Wiecking, supra. It is well settled that in the absence of specific legislation which authorizes the imposition of a fee, such charge may not be collected. Rawls v. State, 122 So. 222
(Fla. 1929); 76 C.J.S. Records s. 38; 66 Am. Jur.2d Records and Recording Laws s. 14. Accord: Attorney General Opinions 073-326 and 074-352. An action may be maintained to recover fees wrongfully charged by a recording officer for inspection of documents in his custody. [See] 76 C.J.S. Records s. 41. While the custodian of public records has a mandatory duty to permit access to public records, he also has a corresponding duty to ensure that said public records be safeguarded. Fuller v. State, supra. However, a custodian of public documents may not impose a rule or regulation as to a condition of inspection which has, as its purpose or effect, the abridgment or circumvention of a person's right of inspection and copying. State ex rel. Davidson v. Couch, supra; 76 C.J.S. Records s. 40. The fact that the record sought to be inspected happens to be a tape recording as opposed to a written document is of no import insofar as the imposition of a fee for inspection pursuant to Ch. 119, F.S., is concerned. Cf. AGO 074-259. It should also be noted that Ch. 119, F.S., represents a legislative scheme which, in its operation and effect, seeks to control and regulate the subject of public records at all levels of government. The requirements imposed by the Legislature regarding Ch. 119 are expressly mandatory and require the custodian of public documents to act in conformity with that chapter. Both Ch. 119 and Ch. 267, F.S., are directed at, and impose duties and responsibilities upon, the custodian of public records, and the failure to follow the requirements of the law subjects the custodian to possible criminal penalties. Section119.10. When Ch. 119 is read in conjunction with Ch. 267, it becomes readily apparent that state control regarding access, maintenance, management, retention, preservation, and disposal of public records is exclusive and, hence, these areas are not proper subjects of attempted local regulation or local legislation.