381 So.2d 1120 (1979)
FLORIDA LEGAL SERVICES, INC., Appellant,
v.
STATE of Florida, Department of Labor and Employment Security, Appellee.
No. OO-29.
District Court of Appeal of Florida, First District.
November 15, 1979.
*1121 Ann Smith Davis, Belle Glade, Florida Legal Services, for appellant.
Chad J. Motes, Tallahassee, Dept. of Labor and Employment Sec., for appellee.
PER CURIAM.
Section 443.08, Florida Statutes (1977), requires Florida employers to pay unemployment compensation taxes determined by the amount of wages paid during each calendar year, and the benefits employees receive depend on the amount of wages paid. Section 443.03(13), Florida Statutes (1977), in pertinent part defines wages as:
... all remuneration paid for services from whatever source, including commissions and bonuses and the cash value of all remuneration paid in any medium other than cash. (Emphasis supplied.)
Nowhere in Section 443.03(13), which includes a number of exceptions to the broad language quoted above, is the issue addressed as to whether or not tips or other gratuities constitute wages taxable to the employer and used in calculating the amount of unemployment compensation payable to the former employee. In February, 1979, however, appellee undertook to adopt a rule which would answer the question. Appellant requested a rule-making hearing after the department issued its notice of the proposed rule, but the version adopted was identical to the proposed rule. Rule 38B-2.05(4), Florida Administrative Code, was thus amended to read as follows:
(4) Wages: wages paid or wages payable, including special payments hereinabove set forth, shall be defined to include money wages and the reasonable cash value of remuneration paid or payable for employment in any medium other than cash, to be determined in accordance with 38B-3.01, as amended. Provided, however, `money wages' shall include tips and gratuities only; [sic]
(a) When paid to an individual by his employer as a result of an arbitrary charge to a customer fixed by the employer, which the customer is required to pay.

(b) To the extent they are taken into account by the employer in determining the employee's compensation under a state and/or federal minimum wage law. Tips or gratuities so used must be reported in writing by the employee to *1122 the employer. (New language emphasized.)
Appellant challenges the rule on the ground that it reflects an invalid exercise of legislative authority in that Section 443.03(13)'s definition of wages will not countenance the department's exclusion of most tips and gratuities. We agree and reverse.
Appellee argues that the history of Section 443.03(13) indicates a legislative intent to exclude tips and gratuities, but that history arguably points in the opposite direction. The original version of the statute, Chapter 18402, Laws of Florida (1937), included gratuities. Chapter 19637, Laws of Florida (1939), however, amended the statute to exclude gratuities. But Chapter 20685, Laws of Florida (1941), inserted "from whatever source" into the statute, where it remains.
The phrase "from whatever source" could scarcely be more clear, and none of the exceptions of Section 443.03(13)(b) even arguably eliminates tips or gratuities. Therefore the rule, "expressio unius est exclusio alterius," seems to apply. Where the legislature creates specific exceptions to the language in a statute, we may apply the rule to infer that "had the legislature intended to establish other exceptions it would have done so clearly and unequivocally." Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952).
The Department contends that its official policy is to conform to the federal government's rules on taxability of tips. But 26 U.S.C. Section 3301, et seq., the Federal Unemployment Tax Act, does not require adherence by the states to the federal definition of wages.
"From whatever source" means just what it says, and we are not at liberty to place a contrary judicial gloss on language that is plain and unambiguous.
In matters requiring statutory construction, courts always seek to effectuate legislative intent. Where the words selected by the Legislature are clear and unambiguous, however, judicial interpretation is not appropriate to displace the expressed intent. (Citations omitted.) It is neither the function nor prerogative of the courts to speculate on constructions more or less reasonable, when the language itself conveys an unequivocal meaning.
Heredia v. Allstate Insurance Co., 358 So.2d 1353, 1354-55 (Fla. 1978).
REVERSED.
ERVIN, Acting C.J., and SHIVERS, J., concur.
BOOTH, J., dissents.