The Honorable Harold Bazzel Clerk of the Circuit Court Bay County Post Office Box 2269 Panama City, Florida 32401
Dear Mr. Bazzel:
This is in response to your request for an opinion on substantially the following questions:
 1. MAY THE CLERK OF THE CIRCUIT COURT OR THE BOARD OF COUNTY COMMISSIONERS LEASE SPACE WITHIN THE CLERK'S OFFICE TO ABSTRACT AND TITLE COMPANIES FOR PRIVATE PHOTOCOPYING PURPOSES AND NOT CHARGE SAID COMPANIES $1.00 PER PAGE FOR EACH COPY MADE?
 2. IF THE ANSWER TO QUESTION NUMBER ONE IS IN THE AFFIRMATIVE, UNDER WHAT TERMS, CONDITIONS, AND PROCEDURE SHOULD THE SPACE WITHIN THE CLERK'S OFFICE BE LEASED TO ABSTRACT AND TITLE COMPANIES FOR PHOTOCOPYING PURPOSES?
 3. IF THE ANSWER TO QUESTION NUMBER ONE IS IN THE AFFIRMATIVE, CAN THE COUNTY DENY OR LIMIT THE LEASING OF SPACE FOR PRIVATE PHOTOCOPYING TO OTHERS, i.e., ATTORNEYS, REAL ESTATE APPRAISERS, LENDING INSTITUTIONS OR CREDIT BUREAUS?
According to your letter several abstract and title companies have requested that they be allowed to lease space within the clerk of the circuit court's office where the official records are kept for the purpose of locating a photocopier to copy public records. Under the companies' proposal the photocopier would be used only by their own employees for company purposes. The companies' contend that since it will be their own employees who would be retrieving and making copies of the public records on a company photocopier they would not be required to pay the $1.00 per page service charge prescribed in s 28.24, F.S., and there would be no further obligation owed the county other than the lease payments for the space in the clerk's office.
Initially it must be emphasized that the clerk of the circuit court has no authority to lease, rent, allocate, assign or maintain space in the county courthouse or any other county building either to or for public officers or private persons or businesses. It is the board of county commissioners, as the legislative and governing body of the county, that has the sole responsibility for leasing, allocating, assigning or maintaining space in the county courthouse or any other county building and when acting within its discretion, the decision of the county commission will not be interfered with by the courts absent a clear showing of fraud or abuse of that discretion. See s125.01(1)(c) and (3)(a), F.S.; s 125.35, F.S.; Mathis v. Lovett,215 So.2d 490 (1 D.C.A. Fla., 1968); AGO's 071-275, 064-63, 055-101; and generally 20 C.J.S. Counties ss 169, 208. Thus, for the purposes of this opinion, your first question will be treated as inquiring only whether the board of county commissioners may lease space within the clerk's office to abstract and title companies for private photocopying purposes.
Article VII, s 10, State Const., prohibits the state or county or any agency thereof from using, giving, or lending its taxing power or credit to aid any private interest or individual. The purpose of this constitutional provision is `to protect public funds and resources from being exploited in assisting or promoting private ventures when the public would be at most only incidentally benefited.' Bannon v. Port of Palm Beach District, 246 So.2d 737,741 (Fla. 1971). Cf. Markham v. State Department of Revenue,298 So.2d 210 (1 D.C.A. Fla., 1974); State v. Town of North Miami,59 So.2d 779 (Fla. 1952); and Bailey v. City of Tampa, 111 So. 119
(Fla. 1926). It is only when there is some clearly identified and concrete public purpose as the primary objective and a reasonable expectation that such purpose will be substantially and effectively accomplished, that the state or its subdivisions may disburse, loan or pledge public funds or property to a non-governmental entity. O'Neill v. Burns, 198 So.2d 1 (Fla. 1967).
Furthermore, the State Constitution prohibits the expenditure of public money for a private purpose. Article VII, s 1, State Const., impliedly limits the imposition of taxes and the expenditures of tax revenues to public purposes. See Board of Commissioners v. Board of Pilot Commissioners, 42 So. 697 (Fla. 1906); Brown v. Winton, 197 So. 543 (Fla. 1940); AGO's 080-93, 071-28. As a general principle, the power to levy and collect taxes and the power to appropriate public funds are coexistent and if a tax cannot be levied for a particular purpose, no appropriation of public money can be made for such purpose. Seegenerally 81A C.J.S. States s 205(a), p. 726. Since the county lacks the authority to levy and collect taxes or expend tax revenues for the purpose of providing and maintaining space in a county building for a private profit-making business enterprise that performs no necessary county function or service for the county it would also seem to follow under the above constitutional provision, that a business such as an abstract and title company may not be leased space in the county courthouse or, more particularly, in the clerk's office.
Previous opinions of this office have answered in the negative the question whether county buildings may be used for the purpose of operating a private business enterprise. See AGO 080-93, wherein it was opined that the clerk of the circuit court was not authorized to enter into an agreement with a private corporation, i.e., a credit bureau, whereby public employees and facilities of the clerk's office would be used by the private corporation for its own benefit. See also AGO 055-184 wherein it was opined that the rental of a portion of a county health clinic to a physician in the private practice of medicine was not authorized by law; and particularly AGO 055-101, wherein it was opined that the board of county commissioners was not authorized to furnish office space in the county courthouse to private businesses, in that particular instance, an abstract and title company. As stated in AGO 055-101, abstract and title companies are engaged in business for profit and perform no service for the county, nor do they perform a necessary county function. Based upon all of the above, I am again compelled to conclude that the board of county commissioners is not authorized to lease space within the clerk of the circuit court's office to abstract and title companies for their private uses and purposes.
Since your first question is answered in the negative, consideration of the remaining two questions is unnecessary except to note that what has been stated above in regard to abstract and title companies applies equally to the leasing of space for private photocopying purposes to the others enumerated in your third question, i.e., private attorneys, real estate appraisers, lending institutions or credit bureaus. However, in still further consideration of your first question and your letter in which you seem to imply that the $1.00 per page service charge set forth in s 28.24, F.S., is required of abstract and title companies in order to make photographs or photocopies of the public records, your attention is directed to additional law controlling the subject matter of your inquiry.
Section 119.07(1)(a), F.S., provides, in pertinent part, as follows:
 Every person who has custody of public records shall permit the records to be inspected and examined by any person desiring to do so, at reasonable times, under reasonable conditions, and under supervision by the custodian of the records or his designee. The custodian shall furnish copies
or certified copies of the records upon payment of fees as prescribed by law or, if fees are not prescribed by law, upon payment of the actual cost of duplication of the copies. . . . (e.s.)
See also the second clause of s 28.19(2), F.S., which states that the clerk shall not be required to perform any service in connection with the inspection or making of extracts from the public records without payment of service charges as provided in s28.24, F.S. Section 28.24(9), F.S., prescribes the services charges the clerk of the circuit court shall make for `services rendered by his office' in making copies by photographic process of any instrument in the public records; and s 28.24(10), prescribes the charges to be made for making microfilm copies of any public records. However, the above statutory provisions and in particular the service charges prescribed in s 28.24(9), are only applicable when the clerk performs the service.
Section 119.08(1), F.S., provides as follows:
 In all cases where the public or any person interested has a right to inspect or take extracts or make copies from any public record, instruments or documents, any person shall hereafter have the right of access to said records, documents or instruments for the purpose of making photographs of the same while in the possession, custody and control of the lawful custodian thereof, or his authorized deputy. (e.s.)
See also s 28.19(2), F.S., which provides that `[s]uch records shall always be open to the public, under the supervision of the clerk, for the purpose of inspection thereof and of making extracts therefrom; . . . .' Cf. State ex rel. Harris v. Wiecking,61 So. 125 (Fla. 1913) and State ex rel. Davis v. McMillan,38 So. 666 (Fla. 1905), holding that the public generally, including any persons or firm who may be engaged in the enterprise of compiling abstract books of the titles to real estate in a county have a continuous right under what is now s 28.19(2), F.S., of access to the public records, at all reasonable hours and times, by themselves or their agents, to inspect and make extracts from any and all of the public records in the offices of the clerks of the circuit courts; and that where such inspection and extracting is done by the parties themselves, or by their agents or assistants, without any service or assistance from the clerk or his deputies in connection therewith, other than that general supervision and watchfulness as to what is going forward in his office that is necessary to the safe-keeping of the records, then the clerk is not entitled to any fees or compensation.
In addition to providing that the public or any person interested shall have the right of access to public records for the purpose of making photographs of the same, s 119.08 in subsection (2), provides that such work shall be done under the supervision of the lawful custodian of the records who shall have the right to adopt and enforce reasonable rules governing said work, and subsection (3), provides that the lawful custodian of the records may charge the person desiring to make the said photographs for the supervisory services of the lawful custodian or deputy of the lawful custodian.
Thus, based upon the above statutes and judicial decisions, it is my opinion that the general public, including any persons or firm engaged in the enterprise of compiling abstract books of title to real estate, has the right, at all reasonable hours and times, to inspect and make photocopies of any and all of the public records in the offices of the clerks of the circuit courts and that when such inspection and copying is done by the public, without any service or assistance from the clerk or his deputies, then the clerk is entitled only to the supervision service charge provided for in s 119.08(3), F.S. To the extent that previous opinions of this office are to the contrary, they are hereby modfied or superseded.
In summary, it is my opinion that neither the clerk of the circuit court nor the board of county commissioners may lease space in the clerk's office to abstract and title companies for private business uses and purposes. However, the public generally, including abstract and title companies have the continuous right at all reasonable hours and times, by themselves or their agents or employees, to inspect and make photocopies of any and all of the public records in the offices of the clerks of the circuit courts. When the clerk performs the service of making copies by photographic process or microfilms copies of any instrument in the public records, the clerk must charge the appropriate service charges provided for in s 28.24, F.S.; however, when a member of the public uses his own photographic equipment to make his own copy, the clerk is not entitled to the fees prescribed in s 28.24, but is only entitled to the supervisory service charge provided for in s 119.08(3), F.S.
Sincerely,
Jim Smith, Attorney General
Prepared by: Linda Lettera, Assistant Attorney General