Mr. Gregory V. Beauchamp County Attorney Levy County Post Office Box 306 Bronson, Florida 32621
Dear Mr. Beauchamp:
This is in response to your request for an opinion on substantially the following question:
 DO THE PROVISIONS OF s. 28.24, F.S., WHICH ENUMERATE THE CHARGES TO BE IMPOSED BY THE CLERK OF THE CIRCUIT COURT FOR SERVICES PERFORMED BY HIS OFFICE, SPECIFICALLY s. 28.24(8)(a), PRESCRIBING THE FEE FOR COPYING BY PHOTOGRAPHIC PROCESS INSTRUMENTS IN THE PUBLIC RECORDS, APPLY TO ALL DOCUMENTS IN THE CLERK'S CUSTODY?
You have informed this office that a local newspaper reporter has requested a copy of a lengthy public record. The document is not one recorded in the Official Record Books of Levy County, but is in the custody of the clerk of the circuit court acting in his capacity as ex officio clerk of the board of county commissioners. Accordingly, you inquire whether the service charges prescribed in s. 28.24(8)(a) for making copies by the photographic process of instruments in the public records apply when the request is for copies of the minutes of public meetings, county resolutions, budgets, etc., or whether such service charges are applicable only for copies of documents recorded in the Official Records.
Section 119.011(1), F.S. defines "public records" as "all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency." In Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633, 640 (Fla. 1980), the Court construed the foregoing definition to encompass "any material prepared in connection with official agency business which is intended to perpetuate, communicate, or formalize knowledge of some type."
Under s. 119.07(1)(a), F.S., as amended by s. 1, Ch. 85-86, Laws of Florida,
 [e]very person who has custody of a public record shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee. The custodian shall furnish a copy or a certified copy of the record upon payment of the fee prescribed by law or, if a fee is not prescribed by law, upon payment of the actual cost of duplication of the record. (e.s.)
The "actual cost of duplication" includes the cost of material and supplies but not labor or overhead. Section 119.07(1)(a), F.S., supra. However, when the nature or volume of public records requested to be examined, extracted or copied requires extensive clerical or supervisory assistance by personnel of the agency or extensive use of information technology resources or both, that agency may charge, in addition to the actual cost of duplication a special service charge, which shall be reasonable and which shall be based upon labor costs for clerical and supervisory assistance. Section 119.07(1)(b), F.S., as amended by s. 1, Ch. 85-86, Laws of Florida.
Section 16, Art. V, State Const., provides that for each county, there shall be a clerk of the circuit court who shall be selected pursuant to s. 1, Art. VIII, State Const. Unless provided to the contrary by county charter or special law approved by vote of the electors, the clerk of the circuit court shall also be ex officio clerk and accountant of the board of county commissioners, auditor, recorder, and custodian of all county funds. Section 1(d), Art. VIII, State Const.; and see, s. 16, Art. V, supra (notwithstanding any other provision of the Constitution, duties of clerk of circuit court may be divided by special or general law between two officers, one serving as clerk of court and one serving as ex officio clerk of the board of county commissioners). Cf., Alachua County v. Powers, 351 So.2d 32 (Fla. 1977). As such, he is required to maintain the minutes and accounts of the board of county commissioners; give copies of writings in his custody, attested by his signature and authenticated by the county seal; and perform such other duties as the board may direct. See, ss.125.17, 28.12, F.S.
Chapter 28, F.S., sets forth with particularity the powers and duties of the clerks of the circuit courts. Pursuant to s.28.222(1), F.S. (1984 Supp.), the clerk is the county recorder of all instruments which are required or authorized by law to be recorded in the county in which such clerk serves. Such instruments include, inter alia, instruments pertaining to ownership, transfer, or encumbrance of, or claims against, real or personal property; notices of lis pendens; judgments; assignments, releases, and satisfactions of judgments; certificates of discharge, separation or service of citizens of the state with respect to the armed forces; notices of liens for taxes payable to the United States and certificates discharging or releasing liens; certified copies of petitions commencing proceedings under the Bankruptcy Act of the United States, decrees of adjudication in the proceedings, and orders approving bonds of trustees appointed in the proceedings; and any other instrument required or authorized by law to be recorded. See, s. 28.222(3), F.S. (1984 Supp.). See also, s. 28.223, providing for the recordation of certain probate instruments; ss. 28.29; 28.101. Upon payment of the service charge prescribed by law, the clerk shall record all such instruments in one general series of books called "Official Records." Section 28.222, F.S. (1984 Supp.). Once an instrument is filed with the clerk to be "spread at length upon the record books kept by such clerk" it becomes a part of the public records. State ex rel. Harris v. Wiecking, *2502 61 So. 125 (Fla. 1913).
Section 28.24, F.S., as amended by s. 35, Ch. 85-180 and s. 2, Ch. 85-249, Laws of Florida, enumerates the charges which the clerk of the circuit court, as county recorder, is required to make for services rendered by his office in recording documents and instruments or in verifying or making copies of instruments in the public records. See also, s. 28.2401 (service charges in probate matters). Cf., AGO 79-51. You specifically inquire as to the charge prescribed in s. 28.24(8)(a) which provides that the charge "[f]or making copies by photographic process of any instrument in the public records consisting of pages of not more than 14 inches by 8 1/2 inches, per page" (e.s.) is $1.00. Compare, s. 119.08, F.S., providing for photographing public records; cf., AGO 82-23, concluding that the service charge in s. 28.24 for photographing instruments in the public records is applicable only when the clerk performs the service.
The term "instrument" is not defined in s. 28.24; however, it has generally been defined as "a formal or legal document in writing, such as a contract, deed, will, bond, or lease . . . [a] document or writing which gives formal expression to a legal act or agreement, for the purpose of creating, securing, modifying, or terminating a right . . . [a] writing executed and delivered as the evidence of an act or agreement." Black's Law Dictionary Instrument 719-720 (5th ed. 1979). See also, Webster's Third New International Dictionary Instrument 1172 (1966). Cf., Graham v. State, 362 So.2d 924
(Fla. 1978) (generally, words in statute should be given their plain and ordinary meaning); Gaulden v. Kirk, 47 So.2d 567
(Fla. 1950). While the term "public records" as defined in s.119.011 and as employed in Ch. 119 encompasses those documents referred to as "instruments," it does not appear that the two terms are synonymous. Section 28.19(2) provides that the clerk of the circuit court is not required to perform any service in connection with the inspection or making extracts of instruments of writing recorded in the public records "without payment of service charges as provided in s. 28.24." And see, s. 28.222(3), supra, setting forth the types of instruments to be recorded upon payment of the service charges prescribed by law. In considering these statutes in pari materia with the provisions of s. 28.24, it appears that the service charge imposed pursuant to s. 28.24(8)(a) refers to the photographic copying of instruments recorded in the public records and not to all public records which the clerk may maintain as ex officio clerk of the board of county commissioners. To conclude otherwise would by implication require the clerk of the circuit court, operating as a fee officer, to charge the county and its officers for copies of the minutes of county meetings, county resolutions, the county budget, etc., in light of the provisions of s. 28.24 which state that in those counties where the clerk's office operates as a fiscal unit of the county pursuant to s. 145.022(1), the clerk shall not charge the county for services rendered by his office in recording documents and instruments and in performing the duties enumerated therein. See generally, Florida Legal Services Inc. v. State, 381 So.2d 1120 (1 D.C.A.Fla., 1979) (where Legislature creates specific exceptions to language in statutes, the rule "expressio unius est exclusio alterius" may be applied to infer that had Legislature intended to establish other exceptions it would have done so clearly and unequivocally). Cf., City of St. Petersburg v. Siebold,48 So.2d 291 (Fla. 1950).
Accordingly, I am of the opinion that service charges prescribed in s. 28.24(8)(a) for making copies by photographic process of instruments in the public records applies to those instruments filed and recorded in the Official Records by the clerk of the circuit court, but that such charges are not applicable to such unrecorded documents as the minutes of public meetings, resolutions or budgets which may be in the custody of the clerk of the circuit court as ex officio clerk of the board of county commissioners.
Sincerely,
Jim Smith Attorney General
Prepared by:
John Rosner Assistant Attorney General