Mr. Clark Maxwell, Jr. Executive Director Community College System Department of Education Knott Building Tallahassee, Florida 32399
Dear Mr. Maxwell:
You have asked my opinion on substantially the following question:
 May a public community college in this state consider the residency of the `person' paying fees on behalf of a student when the `person' paying the fees is a political subdivision of the state?
In sum, I am of the opinion that:
 In determining resident status for tuition purposes, a public community college in this state is not authorized to consider the residency of the `person' paying fees on behalf of a student when the `person' paying the fees is a political subdivision of the state.
According to the materials accompanying your request, the St. Petersburg Junior College provides a comprehensive law enforcement and corrections training program for governmental agencies within Pinellas County. Local governmental agencies normally pay the training costs for cadets. Occasionally, these local governmental agencies recruit cadets from outside the State of Florida, who do not meet the 12-month residency requirement of s. 240.1201, F.S.
Section 240.1201, F.S., provides that students shall be classified as residents or nonresidents for the purpose of assessing tuition fees in public community colleges and universities.[1] To qualify as a resident for tuition purposes:
 A person or, if that person is a dependent child, his parent or parents must have established legal residence in this state and must have maintained legal residence in this state for at least 12 months immediately prior to his qualification.[2]
An individual will not be classified as a resident for tuition purposes and, therefore, will not be eligible to receive the instate tuition rate until he has provided such evidence related to legal residence and its duration as may be required by the officials of the institution of higher education from which he seeks the in-state tuition rate.[3]
An examination of the statute makes it clear that with the exception of dependent children, it is the residency of the student, i.e., the individual who will be attending classes, which is determinative of whether in-state tuition or out-of-state tuition will be assessed.[4] Subsection 10 of s. 240.1201, F.S., provides a limited exception by providing that the following persons shall be classified as residents for tuition purposes:
 (a) Active duty members of the armed services of the United States stationed in this state, their spouses, and dependent children.
 (b) Full-time instructional and administrative personnel employed by state public schools, community colleges, and institutions of higher education, as defined in s. 228.041, and their spouses and dependent children.
 (c) Students from Latin America and the Caribbean who receive scholarships from the federal or state government. Any student classified pursuant to this paragraph shall attend, on a full-time basis, a Florida institution of higher education.
No exception, however, is recognized for persons employed by law enforcement agencies within this state who do not otherwise qualify for the in-state tuition rate pursuant to s. 240.1201(2), F.S. Moreover, it is a general principle of statutory construction that the mention or enumeration of one thing in a statute implies the exclusion of another.[5]
Accordingly, I am of the opinion that a public community college may not, when determining resident status for tuition purposes, consider the residency of the `person' paying fees on behalf of a student when the `person' paying the fees is a political subdivision of the state. To permit local law enforcement agencies recruiting cadets from outside the State of Florida, who do not meet the 12-month residency requirement of s. 240.1201, F.S., to pay the in-state tuition rate for these recruits attending public institutions of higher education in this state would require legislative amendment.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 240.1201(1)(c), F.S., which defines `legal resident' or `resident' as a person who has maintained his residence in this state for the preceding year, has purchased a home which is occupied by him as his residence, or has established a domicile in this state pursuant to s. 222.17, F.S. And see, s. 240.35(5), F.S. (1988 Supp.), which provides in part that tuition for an out-of-state resident at a public community college shall be at least twice the amount of tuition for a state resident for both credit programs and noncredit programs. Compare, s. 240.35(8), F.S. (1988 Supp.), which provides that community colleges may waive fees or accept in-kind contributions in lieu of the payment of fees for any student provided that the aggregate value of the fees waived does not exceed the amount specified annually in the General Appropriations Act.
[2] Section 240.1201(2)(a)1., F.S. Subparagraph (2)(a)2. of the statute requires every applicant for admission to an institution of higher education to make a statement as to his length of residence in the state and further, to establish that his presence or, if he is a dependent child, the presence of his parent or parents in the state currently is, and during the requisite 12-month qualifying period was, for the purpose of maintaining a bona fide domicile, rather than for the purpose of maintaining a mere temporary residence or abode incident to enrollment in an institution of higher learning. See also, s. 240.1201(2)(b) and (c), F.S., providing for determining resident status of a dependent child living with an adult relative other than the child's parent and for dependent children whose parents are divorced, separated, or otherwise living apart.
[3] Section 240.1201(3), F.S.
[4] See, s. 240.1201(2), F.S. And see, s. 240.1201(1)(a), F.S., defining the term `dependent child' for purposes of this section to mean any person, whether or not living with his parent, who is eligible to be claimed by his parent as a dependent under the Federal Income Tax Code. Cf., s. 240.1201(6), F.S., providing that any nonresident person who marries a legal resident of this state or a person who later becomes a resident, `may, upon becoming a legal resident of this state, accede to the benefit of the spouse's immediately precedent duration as a legal resident for purposes of satisfying the 12-month durational requirement of this section.'
[5] See, Thayer v. State, 335 So.2d 815 (Fla. 1976); Florida Legal Services, Inc. v. State, 381 So.2d 1120 (1 D.C.A. Fla., 1979) (where the Legislature creates specific exceptions to language in a statute, the rule `the expression of one thing implies the exclusion of another' may be applied to infer that had the Legislature intended to establish other exceptions, it would have done so clearly and unequivocally).