The Honorable Janet Reno State Attorney Eleventh Judicial Circuit 1251 Northwest 12th Street Metropolitan Justice Building Miami, Florida 33125-2134
Dear Ms. Reno:
You have asked substantially the following question:
Does a fee schedule for duplication of public records enacted by a municipality or other political subdivision prescribing fees for certified copies of public records which are significantly higher than those for uncertified copies violate s. 119.07(1)(a), F.S.?
In sum, I am of the following opinion:
A municipality or other political subdivision may not prescribe a fee for certified copies of public records different than the actual cost of duplication, absent specific statutory authority.
Section 119.07(1)(a), F.S., in pertinent part, provides:
Every person who has custody of a public record shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee. The custodian shall furnish a copy or a certified copy of the record upon payment of the fee prescribed by law or, if a fee is not prescribed by law, upon payment of the actual cost of duplication of the record. The phrase "actual cost of duplication" means the cost of the material and supplies used to duplicate the record, but it does not include the labor cost or overhead cost associated with such duplication.[1] (e.s.)
Thus, under Ch. 119, F.S., if a fee is not prescribed by law the custodian of a public record may charge only the "actual cost of duplication," as defined in s. 119.07(1), F.S., for a copy or certified copy of a public record.
You state that other statutes, specifically s. 28.24, F.S., and s.319.25, F.S., indicate a legislative sanction of higher duplication fees for certified copies. The fees in s. 28.24, F.S.,[2] and s. 319.25, F.S.,[3] represent specific statutory exceptions to the fees reflecting the actual cost of duplication prescribed by Ch. 119, F.S.[4] Where specific exceptions to the provisions of a statute, such as Ch. 119, F.S., are created, it can be inferred that had the Legislature intended to establish other exceptions, it would have done so.[5] I have not found, nor have you provided, any statutory provision which allows units of local government to impose fees higher than the actual cost of duplication for certified copies of public records, in the absence of a statutory prescription of such fees.
The courts and this office have recognized that the Legislature has made the requirements of Ch. 119, F.S., mandatory at the local as well as the state level and does not vest any discretion in local agencies to alter, change or place conditions upon the statute's provisions.[6]
For instance, in Tribune Company v. Cannella,[7] The Supreme Court of Florida considered the validity of a municipal policy to delay the release of personnel records for the forty-eight hours following a request for such records. The Court determined that the Legislature had clearly preempted any local regulation of the release of public records pursuant to Ch. 119, F.S., precluding a municipality from prescribing a delay in the release of a public record.[8] This office found that the rationale of the Cannella decision would apply equally to attempted local legislation or regulation of charges made for duplicating public records, to the extent such legislation or regulation changes, alters or puts conditions on the provisions in Ch. 119, F.S.
In AGO 85-19, this office concluded that, even though the field of public records is preempted to the state, the Public Records Law would not preclude a unit of local government from establishing a set fee for duplication of public records, as long as the set fee reflects the actual cost of duplication defined in s.119.07(1)(a), F.S. This conclusion was reached since local regulation or legislation reflecting the actual cost of duplication would not conflict with the Public Records Law.
The opinion cautions units of local government, however, that any set fee which accurately reflects the actual cost of duplication at the time local legislation or regulation is adopted could "present a danger of conflict with [the] pervasive regulatory scheme" of Ch. 119, F.S., in that the cost of materials and supplies used in the duplication process may change over a period of time. It was advised, therefore, that such a set fee would have to be reviewed on a periodic basis to ensure that it was based upon the actual cost of duplication.
Given the state's preemption of the field of public records in Ch.119, F.S., and absent any general statutory provision allowing units of local government to set higher fees for certified copies of public records,[9] it is my opinion that a municipality may not adopt a fee schedule which requires that higher fees be paid for certified copies of public records, unless specifically authorized by statute.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 119.07(1)(a), F.S., further provides that the charge for county maps or aerial photographs supplied by county constitutional officers may include a reasonable charge for the labor and overhead associated with its duplication. See, also, s.119.07(1)(b), F.S., providing when the nature or volume of public records requested to be examined, extracted or copied requires extensive clerical or supervisory assistance by personnel of the agency or extensive use of information technology resources or both, that agency may charge, in addition to the actual cost of duplication a special service charge, which shall be based upon labor costs for clerical and supervisory assistance.
[2] Section 28.24, F.S., sets forth a series of changes which the clerk of the circuit court shall make for services rendered by the clerk's office, including specified fees for certifying copies and for making copies of instruments in the public records.
[3] Section 319.25, F.S., specifies the fee to be charged for photographic copies of records under the seal of the Department of Highway Safety and Motor Vehicles.
[4] It should be noted that this office, in AGO 85-80 concluded that the service charges prescribed in Ch. 28, F.S., apply to those instruments filed and recorded in the Official Records by the clerk of the circuit court, not to those unrecorded documents which the clerk may hold as ex officio clerk of the county commission.
[5] Florida Legal Services, Inc. v. State, 381 So.2d 1120 (1 D.C.A. Fla., 1979). Cf., City of St. Petersburg v. Siebold,48 So.2d 291 (Fla. 1950).
[6] See, AGO 75-50 (Ch. 119, F.S., read with Ch. 267, F.S., relating to records management, constitutes state preemption of the field of public records; such is not a proper or valid subject of attempted local regulation or legislation) and Tribune Company v. Cannella, 438 So.2d 516 (2 D.C.A. Fla., 1983), quashed,458 So.2d 1075 (Fla. 1984), appeal dismissed sub nom., DePerte v. Tribune Company, 105 S.Ct. 2315 (1985) (Legislature clearly preempts local regulation of the release of public records).
[7] See, footnote 6, supra.
[8] The Cannella Court, at 1077, determined:
Under [the preemption] doctrine a subject is preempted by a senior legislative body from the action by a junior legislative body if the senior legislative body's scheme of regulation of the subject is pervasive and if further regulation of the subject is pervasive and if further regulation of the subject by the junior legislative body would present a danger of conflict with that pervasive regulatory scheme.
[9] In AGO 89-93, this office concluded that a municipality was limited to charging the actual cost of duplication for furnishing copies of its growth management report, absent a statute prescribing a fee other than the actual cost of duplication.